IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |  | |
|---|---|---|---|
| **LARRY GWIN, et al.,** | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| V. | ) | Civil No. **03-862-MJR** | |
| | ) | | |
| **AMERICAN RIVER TRANSP. CO.,** | ) | | |
| | ) | | |
| Defendant. | ) | | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion for an extension of time to answer interrogatories **(Doc. 33)**, and defendant's response **(Doc. 34)**.  Also before the Court is defendant's motion to strike plaintiff's expert disclosure as untimely and insufficient and/or to bar plaintiff's expert from testifying at trial **(Doc. 41)**.[1]  These motions are remotely intertwined, in that they illustrate that the parties have not been able to work out an array of scheduling issues, which in turn has culminated in plaintiff's untimely disclosure of his expert and provision of a deficient expert's report.  Although both parties must shoulder some blame, plaintiff's counsel clearly has not been on top of his case and must bear the bulk of the responsibility.

The official discovery deadline has passed, and trial is set for July 25, 2005.  The Court appreciates that scheduling dates worked out a year or more before trial often need revision; that is why Local Rule 26.1(d) mandates cooperative discovery arrangements.  However, the Court, in accordance with the Civil Justice Expense and Delay Reduction Plan (28 U.S.C. § 473) and

---

[1] Neither party submitted a proposed order to this Court at CJPpd@ilsd.uscourts.gov , as required by Local Rule 7.1(a) and in accordance with the procedures set forth in the Electronic Case Filing User's Manual.  Aside from being a procedural requirement, receipt of a proposed order serves to alert the Court of the pending motion.

Local Rule 16.1, also expects each case to be ready for trial as scheduled– the Court's trial docket necessitates this. The Court attempts to strike a balance between procedural expectations and scheduling realties, with the goal of having each case tried on its merits, as opposed to procedural one-upmanship. In this situation it appears that sufficient time remains for the parties to fairly complete the discovery process before trial.

Plaintiff's motion for an extension of time to answer interrogatories **(Doc. 33)** is clearly moot. **(*See* Doc. 43)**. However, defendant's prediction that altering an assortment of intermediate discovery deadlines would lead to difficulties with the expert deadlines **(*see* Doc. 42)** has come to fruition, culminating in defendant's motion to strike and/or bar plaintiff's expert.

This Court desires to continue to avoid the micro-management of the discovery process, if possible. Therefore, the Court will allow the parties one last chance to amicably work out a discovery schedule based on a discovery cutoff of June 10, 2005. The parties shall submit to the Court a proposed schedule covering all discovery tasks that have to be accomplished. If no such schedule can be agreed upon, the Court will enter a schedule. In either situation, the schedule entered will be strictly adhered to and enforced by the Court. Plaintiff's counsel in particular should be aware that at this stage in the proceedings the consequences of failing to complete discovery could be fatal.

**IT IS THEREFORE ORDERED** that, plaintiff's motion for an extension of time to answer interrogatories **(Doc. 33)** is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendant's motion to strike plaintiff's expert disclosure as untimely and insufficient and/or to bar plaintiff's expert from testifying at trial **(Doc. 41)** is **DENIED**.

Case 3:03-cv-00862-MJR-CJP   Document 44   Filed 04/22/05   Page 3 of 3   Page ID #345

**IT IS FURTHER ORDERED** that a telephone status conference will be conducted on **May 6, 2005, at 10:00 a.m.**, to discuss the discovery schedule appropriate to ensure that discovery will be completed by **June 10, 2005**.  Plaintiff's counsel shall initiate the conference call; first contacting defense counsel, and then the Court at 618-482-9106.  On or before **May 4, 2005**, the parties shall submit a joint proposed discovery schedule (or competing proposed schedules if no agreement is reached) via e-mail, in WordPerfect format.  The Court's e-mail address is: <CJPpd@ilsd.uscourts.gov>.

**IT IS SO ORDERED.**

DATED:  April 21, 2005

s/ Clifford J. Proud
CLIFFORD J. PROUD
U. S. MAGISTRATE JUDGE
