IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY GWIN, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | Civil No. **03-862-MJR** |
| ) | |
| **AMERICAN RIVER TRANSP. CO.,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant's motion to strike additional experts identified by plaintiffs on May 12, 2005. (Doc. 57). More specifically, defendant objects that John C. Navin, a retained economics expert, and Drs. John Long, Philip Holmes and Ross Gallo, non-retained treating physicians tendered for the purpose of giving expert testimony (*see* Doc. 57-1), were identified May 12, 2005, when the May 6, 2005, revised scheduling order controlling this case did not provided for the identification of additional experts. (Doc. 51). Plaintiffs rest on the following provision in the revised scheduling order (Doc. 51):

> Depositions of plaintiffs' expert witnesses will be taken on or before May 27, 2005, plaintiff[s] to provide a report in compliance with Rule 26(a)(2)(B) at least seven days prior to the deposition of plaintiff's [sic] retained expert.

(Doc. 62). Plaintiffs further note that defendant was aware of plaintiffs Gwin and Hutton's medical treatment as early as January 11, 2005, because defendant sent release forms to plaintiffs for execution so medical records could be obtained. (*See* Doc. 62-3).

A review of the record reveals that the revised scheduling order entered by the Court was precipitated by plaintiffs' belated disclosure of retained expert Jack Deck and seven non-retained

1

experts who were identified to testify regarding the safety of certain tow configurations, and the defendant's motion to strike those experts . (*See* Docs. 41, 42 and 44). The Court elected to overlook plaintiffs' untimely disclosure of those experts and the parties were ordered to draft "a proposed schedule covering all discovery tasks that have to be accomplished." (Doc. 44). The Court cautioned: "[T]he schedule entered will be strictly adhered to and enforced by the Court. Plaintiff's counsel in particular should be aware that at this stage in the proceedings the consequences of failing to complete discovery could be fatal." (Doc. 44).

The proposed schedule submitted by the parties and ultimately adopted by the Court (quoted above) does not specify a new deadline for identifying experts; rather, it only refers to the deposition schedule for "plaintiffs' expert witnesses." Nevertheless, the Court only contemplated and permitted the late identification of plaintiffs' retained expert Jack Deck and seven non-retained experts. The revised schedule, drafted by the parties, is consistent with that understanding– it does not set a deadline for identifying additional experts, and it refers to a *single* retained expert. The parties, and plaintiffs in particular, were forewarned that the revised schedule would be strictly enforced. It is simply too late in the course of this case to be adding experts and making disclosures that should have been made long ago; to hold otherwise would vitiate the Federal Rules of Civil Procedure and prejudice the defendant– particularly in light of the fact that Judge Reagan has made clear that the trial setting will not be changed.

Trial is set to commence July 25, 2005. Federal Rule of Civil Procedure 26(a)(2)(C) provides in pertinent part that the disclosure of the identity of any expert witness "shall be made at least 90 days before the trial date or the date the case is to be ready for trial." Accordingly, the last possible date for plaintiffs to identify their "new" experts, Navin, Long, Holmes and Gallo,

was April 25, 2005.  Consequently, it is simply too late to identify and complete the necessary discovery relative to John C. Navin, and Drs. John Long, Philip Holmes and Ross Gallo, insofar as plaintiffs intend to characterize them as experts.   Whether Judge Reagan permits the admission of their testimony or other related evidence via some other evidentiary rule remains to be seen.

**IT IS THEREFORE ORDERED** that defendant's motion to strike plaintiffs' experts John C. Navin, and Drs. John Long, Philip Holmes and Ross Gallo **(Doc. 57)** is **GRANTED**.

**DATED: May 24, 2005**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**