IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY GWIN, et al.,** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**AMERICAN RIVER TRANSP. CO.,** )<br>)<br>Defendant. ) | Civil No. **03-862-MJR** |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court are two interrelated discovery motions: plaintiffs' motion to compel defendant to answer plaintiffs' interrogatories Nos. 8 and 9 and requests for production Nos. 18 and 22 (Doc. 60); and plaintiffs' motion to compel production of certain documents requested in "addenda" to deposition subpoenas issued to defendant's managers Dave Cook, Raymond Hopkins and Bruce Hussell (Doc. 61). In addition to objections already lodged against plaintiffs' interrogatories Nos. 8 and 9 and requests for production Nos. 18 and 22, defendant generally objects that the revised scheduling and discovery order entered by the Court on May 6, 2005 (Doc. 51), permitted only a specified, limited amount of additional discovery. Each issue will be addressed in turn.

**Interrogatories and Requests for Production**

Plaintiffs' interrogatories Nos. 8 and 9 and requests for production Nos. 18 and 22 were propounded by plaintiffs and objected to by defendant long before the original March 7, 2005, discovery cut-off. Plaintiffs' motion to compel relative to those requests was filed before the revised June 10, 2005, discovery deadline. Therefore, the Court views this dispute timely.

1

Federal Rule of Civil Procedure 37(a)(1)(A) dictates that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosures in an effort to secure the disclosure." *See also* Local Rule 26.1(d). Plaintiffs do not offer such a certification, nor can the Court infer that the parties have made an attempt to settle their differences without Court intervention. In yet another attempt to ensure that this case is determined on its merits, as opposed to procedural one-upmanship, the Court will address the merits of plaintiffs' motion.

Defendant's objections to interrogatories Nos. 8 and 9 and requests for production Nos. 18 and 22 revolve around the alleged breadth and ambiguity in plaintiffs' reference to "any accident or incident" and "'oversize' tow." (*See* Doc. 60-1 for a verbatim recitation of plaintiffs' discovery requests and defendant's objections). The Court fully agrees that, as drafted, plaintiffs' interrogatories and requests for production are overly broad and ambiguous. Plaintiffs argue that their "addenda" to the deposition notices served on defense witnesses Hussel, Cook and Wilkins, requesting virtually identical document production, albeit with narrowed definitions, somehow cures the overly broad and ambiguous terminology used in interrogatories Nos. 8 and 9 and requests for production Nos. 18 and 22. Plaintiffs' argument is not well taken– the interrogatories and requests for production are separate and distinct discovery requests from the deposition subpoenas, as even plaintiffs must recognize since they filed a separate and distinct motion to compel relative to the subpoenas.

For the aforestated reasons, plaintiffs' motion to compel defendant to respond to plaintiffs' interrogatories Nos. 8 and 9 and requests for production Nos. 18 and 22 (Doc. 60) is denied. Defendant's objections are sustained.

**Requests for Production Made Via "Addenda" to Deposition Subpoenas**

When the Court agreed to extend the discovery schedule, the parties were directed to draft "a proposed schedule covering all discovery tasks that have to be accomplished." (Doc. 44). The Court cautioned: "[T]he schedule entered will be strictly adhered to and enforced by the Court. Plaintiff's counsel in particular should be aware that at this stage in the proceedings the consequences of failing to complete discovery could be fatal." (Doc. 44).

The proposed schedule submitted by the parties, and ultimately adopted by the Court, provides for certain depositions, including the depositions of Cook, Hussell and Wilkins, and sets a general discovery cutoff of June 10, 2005, but no other specific deadlines are listed. Given that the depositions of Cook, Hussell and Wilkins are specifically provided for, the Court need not be too concerned with the fact that no mention of a deadline for requests for production is specified. Federal Rule of Civil Procedure 30(b)(1) permits requests for production of documents to be attached to a deposition subpoena.

With all that said, defendant objects that an identical request for production pursuant to Federal Rule of Civil Procedure 34 would require a 30-day response period, as reflected in the original scheduling order. (*See* Doc. 20-2, ¶ 7 dictating that the 30-day response period must fall within the allotted discovery period). The deposition notices and addenda were served on May 12, 2005, setting the depositions of Cook, Hussell and Wilkins for May 16, 2005. As defendant notes, the sheer amount of documentation sought could not possibly be produced with only a few days notice. Cook, Hussell and Wilkins were deposed, but the request for production was not honored.

Defendant objects that the 30 day response period falls past the June 10, 2005, general

discovery deadline, and plaintiffs should not be allowed to use Rule 30(b)(1) to skirt the response period prescribed by Rule 34, which is the usual procedural mechanism for requests for document production.  Plaintiff counters that if the 30 day response period were applied, defendant would not have to produce the requested documents until June 11, 2005— one day after the general discovery deadline.

The Court agrees that Rule 30(b)(1) should not be used to skirt the response period prescribed by Rule 34.  The Court also recognizes that defendant must have the full 30 day response period.  Given plaintiffs' counsel's track record during the discovery phase of this case, the Court is disinclined to further extend the discovery period even one day further.  However, plaintiffs have clearly latched onto a very small, technical loophole in the revised scheduling order.  And, if justice and the Rules of Civil Procedure permit, it is always better to have each case tried on its merits, as opposed to procedural one-upmanship.   Therefore, plaintiffs' motion to compel production of certain documents requested in "addenda" to deposition subpoenas issued to defendant's  managers Dave Cook, Raymond Hopkins and Bruce Hussell (Doc. 61) is granted, and the general discovery deadline is extended from June 10, 2005, to June 14, 2005, solely for this purpose (adding three days for the "mailbox rule").

**IT IS THEREFORE ORDERED** that, for the aforestated reasons, plaintiffs' motion to compel defendant to respond to plaintiffs' interrogatories Nos. 8 and 9 and requests for production Nos. 18 and 22 (Doc. 60) is **DENIED**; plaintiffs' motion to compel production of certain documents requested in "addenda" to deposition subpoenas issued to defendant's managers Dave Cook, Raymond Hopkins and Bruce Hussell (Doc. 61) is **GRANTED**; and the general discovery deadline is extended to **June 14, 2005**.

**IT IS SO ORDERED.**

**DATED: May 25, 2005**

                 <u>**s/ Clifford J. Proud**</u>
                 **CLIFFORD J. PROUD**
                 **U. S. MAGISTRATE JUDGE**