IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LARRY GWIN, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Civil No.  **03-862-MJR** |
| | ) | |
| **AMERICAN RIVER TRANSP. CO.,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiffs' second motion to compel the defendant to produce documents requested in conjunction with deposition notices served May 12, 2005.  **(Doc. 72).** Also before the Court is the defendant's response in opposition to the subject motion.  **(Doc. 81).** Each disputed request will be addressed in turn.  (***See* Doc. 72-2 (Attachment A)).**

### Paragraph 1:

Plaintiffs request "all documents used by defendant to support its decision to terminate plaintiffs", noting that defendant has previously indicated that the decision was due to a reduction in force necessitated by a "significant reduction in current business."  Defendant objected that the request was "vague, ambiguous and incomprehensible," and indicated that it did not use any documents to "support" its decisions, but in some instances, such as Tony Reames' firing, which was purportedly based on a drug test, the pertinent documents have already been produced.   Defendant also indicated that it was continuing its search for responsive documents and might supplement its response accordingly.

Plaintiffs contends that it is contradictory to state that documents were not used to

support defendant's decisions, and then to indicate that in some instances the reasons for a decision are reflected in documents, particularly when a reduction in current business has been cited as the reason for the "permanent layoffs."   Plaintiffs also takes issue with defendant's on-going search for responsive documents when production was due on June 14, 2005.

Defendant argues that plaintiff fails to comprehend the distinction between documenting a termination decision in advance and "using" documents to support that decision, and documents merely reflecting or supporting a decision gathered after the fact.  Defendant further explains that it fears that the request will lead to the mischaracterization of the termination process.  The defendant notes that the request also includes a request for the basis for the defendant's statement that the terminations were due to a reduction in business, illustrating the ambiguous nature of the request.

Defendant's objection is well taken.  The request is ambiguous, and it appears designed to create confusion and to allow responsive documents to be mischaracterized.  Subparts A and B of the request make clear that plaintiffs are attempting to obtain two distinct categories of documents in a single request– perhaps due to preconceived notions about the termination decision making process.  Therefore, defendant's objection is sustained.

**Paragraph 4:**

Paragraph 4 seeks personnel files for five years prior to the "layoff" of any captains or pilots "pushing 6 long," including 77 listed individuals.  Defendant agreed to produce all of the requested files, except for six individuals, whose files cannot be located, provided plaintiffs agree to terms of a proposed confidentiality agreement.

Plaintiffs note that Federal Rule of Civil Procedure 37(d) requires a respondent to either

2

move for a protective order, or respond to the discovery request.  Defendant has not moved for a protective order.  Defendant counters that it thought its reasonable confidentiality concerns could be resolved via a voluntary agreement.  Defendant cites several non-controlling cases from district courts in other districts, outside the Seventh Circuit precedent.  The Court of Appeals for the Seventh Circuit has observed that "the contents of [employee personnel files] are by no means uniform.  Some information contained in personnel files may be completely innocuous while other information could be of the most personal and sensitive nature."  ***National Labor Relations Board v. Pfizer*, 763 F.2d 887, 891 (7th Cir. 1985).**

The Court appreciates defendant's confidentiality concerns; however, defendant incorrectly assumes that protection of the personnel files is automatically warranted.  Pretrial discovery has traditionally been conducted in private.  However, as the Court of Appeals for the Seventh Circuit stated in *Union Oil Company of California v. Leavell*:

> [T]he tradition that litigation is open to the public is of very long standing.  People who want secrecy should opt for arbitration.  When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.

**220 F.3d at 567-568 (internal citations omitted).**   The appellate court is undoubtedly guided by the centuries-old maxim that the public "has a right to every man's evidence" (*see U.S. v. Bryan*, 339 U.S. 323, 331).

Defendant's objection is overruled.  At this juncture defendant has not properly moved for a protective order and is therefore obliged to produce the requested files.  Responsive documents shall be produced on or before **June 29, 2005, at 4:00 p.m.**, if they have not already been turned over to plaintiffs.  However, the Court recognizes that the interests of non-parties are at stake, and time is of the essence.  Therefore, plaintiffs shall not disseminate the information

contained in the files to those not involved in the litigation of this case. If information is to be introduced into the record, defendant may formally seek protection from the Court.

**Paragraph 8:**

Paragraph 8 seeks documents that "discuss, mention, analyze, deny, or address any incident involving 6 long tows being pushed southbound on the inland waters of the United States, including the Mississippi River, since ARTCO adopted the program to push 6 long in and around 1998." The request also seeks documents relating to nine specific incidents. Defendant objects that the request would encompass some documents subject to protection under the attorney-client privilege and/or work product doctrine. Plaintiff contends that defendant has not provided a privilege log or otherwise properly asserted privilege. Defendants now elaborate that the single document it wishes to protect is a spreadsheet analysis prepared for use in this case regarding 1,000 accidents.

At this juncture defendant's belated "privilege log" satisfies the Court that the referenced spreadsheet warrants protection, and defendant's objection is sustained. However, the Court will remain open to any additional motion plaintiffs may desire to file on the issue. The Court appreciates that the document requests at issue afforded defendant very little response time, and that defendant has expressed an awareness of its on-going duty to supplement all discovery responses. Nevertheless, time is of the essence. With the exception of the spreadsheet that has been afforded protection, all responsive documents should be produced on or before **June 29, 2005, at 4:00 p.m.**, if they have not already been turned over to plaintiffs.


**Paragraphs 9 and 10:**

Paragraph 9 seeks documents that reference, discuss, mention, address or list any ARTCO employees who were laid off, terminated, fired, put on leave or were otherwise told they would no longer be working for ARTCO within the one year period prior to when the plaintiffs were "laid off," and for the one year period after.  Paragraph 10 seeks documents that reference, discuss, mention, address or list any ARTCO captains or pilots who were fired, promoted or transferred during the same time period.

Defendant objected that these requests essentially requested *every* document that mentioned *any* employee who was hired, fired, etc., regardless of the subject matter of the document.  In addition, with respect to Paragraph 9, defendant asserted protection under the attorney-client privilege and/or work product doctrine.  Plaintiffs contend that protection has not been properly sought, and a privilege log has not bee provided.  Plaintiffs also cite documents they are obviously aware of, but which have not been produced.

Defendants are correct, in that the requests set forth in paragraphs 9 and 10 are worded far too broadly, so as to no doubt encompass irrelevant documents.  Therefore, defendant's objection is sustained.  Although the documents plaintiffs were aiming at may seem obvious, it is neither the defendants, nor the Courts prerogative to rewrite the request or construe plaintiffs' true intent.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to compel **(Doc. 72)** is **GRANTED IN PART AND DENIED IN PART**, as set forth above.

**IT IS SO ORDERED.**

**DATED: June 28, 2005**                    **s/ Clifford J. Proud_____**
                                             **CLIFFORD J. PROUD**
                                             **U. S. MAGISTRATE JUDGE**