IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |  | |
|---|---|---|---|
| **LARRY GWIN, et al.,** | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| V. | ) | Civil No. | **03-862-MJR** |
| | ) | | |
| **AMERICAN RIVER TRANSP. CO.,** | ) | | |
| | ) | | |
| Defendant. | ) | | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is plaintiffs' motion to exclude documents identified in defendant's second supplemental Rule 26(a)(1)(B) disclosures produced on June 20, 2005, a week after the June 13, 2005 discovery cutoff.  **(Doc. 74).**  More specifically, plaintiff seeks to exclude documents regarding accidents involving five length tows, presumably to undermine the significance of evidence of accidents or incidents involving six length tows.  Plaintiff claims the belated disclosure of evidence that supports the defense is prejudicial, in that plaintiff will have no opportunity to do additional discovery or to statistically compare the data regarding five and six length tows.  Plaintiffs cite Rule 37(c)(1), which provides for the exclusion of 26(a) discovery materials that a party has failed to disclose.

Defendant argues that plaintiffs' emphasis on the safety of six length tows came at the very last days of the discovery period, and that defendant therefore has a right to amend its Rule 26(a) disclosures, to counter plaintiffs "tactics" and "gamesmanship," which will not prejudice plaintiffs.  **(Doc. 78).**

The complaint specifically mentions safety concerns relating to tow size, including six

length tows.  **(Doc. 1, pp. 6-9).**   Therefore, a debate about the relative safety of various sized tows should not surprise the defendant.  At the very outset of a case all documents and things a party *may* use to support its claims or defenses, unless solely for impeachment[1], are to be disclosed, without awaiting a discovery request.   **Fed.R.Civ.P. 26(a)(1)(B).**  Rule 26(a) specifically does not excuse a failure to disclose merely because the other party has not made its disclosures.  However, the Advisory Committee Notes relative to the 2000 Amendment to Rule 26(a)(1) also recognize that supplementation of the required disclosures may be necessary as case preparation continues and a party makes decisions regarding what it *may* use to support its position.

The fact that the safety of various tow lengths was raised in the complaint cuts both ways.  Plaintiff cannot now feign prejudice, either.  In this instance defendant is saved by the very forgiving wording of Rule 26(a)(1)(B) regarding what a party *may* use to support its defense, plaintiffs dilatory conduct of discovery, and the fact that the relative safety of tows of various lengths is not the real issue in this case– the real issue is retaliatory firing.  Defendant can hardly be blamed for not deciding to delve into the relative safety of various sized tows when its core defense is that the termination decisions at issue were based on business considerations.  At this juncture plaintiff may not be in a position to do statistical comparisons, but neither is defendant, thereby leaving the parties on equally poor footing.   Therefore, the Court finds good casue for excusing defendant's belated disclosures.

The ultimate decision regarding the  admission of evidence regarding the safety of

---

[1]Because defendant has not raised the impeachment exception to the Rule 26(a)(1)(B) disclosure requirement, the Court considers the exception inapplicable.

various sized tows remains to be seen.  Defendant's motion in limine regarding accidents involving six length tows **(Doc. 73)** is still pending before Judge Reagan.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to exclude documents identified in defendant's second supplemental Rule 26(a)(1)(B) disclosures **(Doc. 74)** is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 28, 2005**                              s/ Clifford J. Proud
                                                                        **CLIFFORD J. PROUD**
                                                                        **U. S. MAGISTRATE JUDGE**